The Honorable James L. Robart

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

KELLY M. LEE-CARROLL,

Defendant.

Case No. CR24-202-JLR-001

**GOVERNMENT'S SENTENCING
MEMORANDUM**

The defendant, Kelly M. Lee-Carroll, secured more than $1 million in benefits from the United States Department of Veterans Affairs (VA) by falsely claiming to be bedridden and wheelchair bound. She enlisted the help of her family members to perpetrate her deception and secured benefits reserved for the most severely disabled of veterans.

The United States recommends that the Court sentence Lee-Carroll to 18 months in prison and three years of supervised release, subject to the conditions recommended by U.S. Probation.

//

//

Sentencing Memorandum - 1
*United States v. Lee-Carroll* / CR24-202-JLR-001
USAO No. 2022R01015

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## BACKGROUND

**I.    Facts**

Lee-Carroll, an army veteran, secured two forms of benefits—a Veteran-Directed Care budget and special monthly compensation—from the VA by falsely claiming that she was unable to walk or use her right arm, and that she required assistance to perform basic activities of daily living. Presentence Report ("PSR") ¶¶ 15, 16; Dkt. 78 (Plea Agreement) ¶¶ 8bb-8ii, 8l. As a result of Lee-Carroll's fraud, the VA suffered a loss of approximately $1,161,339.80. PSR ¶ 20.

*A.    Veteran-Directed Care*

The Veteran-Directed Care (VDC) program provides veterans with a budget to hire in-home caregivers who assist the veterans with activities of daily living, such as bathing, dressing, fixing meals, and toileting. PSR ¶ 11.

Lee-Carroll received a VDC budget from 2013 through 2023. *Id.* ¶ 15. She qualified for this budget by claiming that she could not stand, walk, or use her right arm. *Id.* In fact, by 2017 at the latest, she was able to walk. *Id.*: Plea Agreement ¶ 8ii. She was also able to use her right arm. Plea Agreement ¶ 8ii. Below is a screenshot of a video that was posted on social media on May 28, 2017, showing Lee-Carroll holding a microphone in her right hand and singing for 6 minutes:



Sentencing Memorandum - 2
*United States v. Lee-Carroll* / CR24-202-JLR-001
USAO No. 2022R01015

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

She also shopped for groceries, walking and holding items with her right hand:






In 2015, Lee-Carroll received an increase in her VDC budget from $4,573 to $8,757 per month based on her representation to the VA that she needed 16 hours of in-home care for assistance with all activities of daily living. PSR ¶16. To obtain reauthorization of this budget increase, Lee-Carroll represented to the VA that she was wheelchair-dependent. *Id.*

With her VDC budget, Lee-Carroll hired her son Robert H. Nelson III and sister Katoya F. Grant as her in-home caregivers. *Id.* Nelson was Lee-Carroll's caregiver from

Sentencing Memorandum - 3
*United States v. Lee-Carroll* / CR24-202-JLR-001
USAO No. 2022R01015

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

November 2015 to November 2021. Plea Agreement ¶ 8x. Nelson ceased being Lee-Carroll's caregiver after he was arrested on an unrelated charge. Grant was Lee-Carroll's caregiver from January 2016 to June 2023, *Id.* She stopped being a caregiver shortly after an investigator contacted her about the allegations in this case. During their tenure as Lee-Carroll's caregivers, Nelson and Grant submitted timesheets claiming hours of work caring for Lee-Carroll when, in fact, Lee-Carroll did not need their assistance and they had not provided care to Lee-Carroll. PSR ¶¶ 17-19. They routinely claimed up to 9 hours of work per day while working full-time jobs elsewhere. Below are examples of timesheets that Nelson and Grant submitted.

Hours Summary

**ROBERT NELSON**
ProviderOne Provider ID: 123904101

**Timesheet for KELLY LEE**
ProviderOne Client ID          200797084WA
ProviderOne Client Phone No: 2065661502

**Timesheet ID** : TS4745826
**Status** : PAID

| Date | Service | Hours | Additional Service | Miles | Tasks | Total Hours | Total Miles |
|---|---|---|---|---|---|---|---|
| 02/01/2019 Friday | T1019 - Personal care service | 8:00 hours | S0215-U1 - Mileage, Personal Care | 10 | | 8:00 | 10 |
| 02/02/2019 Saturday | T1019 - Personal care service | 8:00 hours | | | | 8:00 | 0 |
| 02/03/2019 Sunday | T1019 - Personal care service | 8:00 hours | S0215-U1 - Mileage, Personal Care | 10 | | 8:00 | 10 |
| 02/04/2019 Monday | T1019 - Personal care service | 8:00 hours | | | | 8:00 | 0 |
| 02/05/2019 Tuesday | T1019 - Personal care service | 8:00 hours | S0215-U1 - Mileage, Personal Care | 10 | | 8:00 | 10 |
| 02/06/2019 Wednesday | T1019 - Personal care service | 8:00 hours | | | | 8:00 | 0 |
| 02/07/2019 Thursday | T1019 - Personal care service | 7:00 hours | S0215-U1 - Mileage, Personal Care | 10 | | 7:00 | 10 |
| 02/08/2019 Friday | T1019 - Personal care service | 7:00 hours | | | | 7:00 | 0 |
| 02/09/2019 Saturday | T1019 - Personal care service | 7:00 hours | S0215-U1 - Mileage, Personal Care | 10 | | 7:00 | 10 |
| 02/10/2019 Sunday | T1019 - Personal care service | 7:00 hours | | | | 7:00 | 0 |
| 02/11/2019 Monday | T1019 - Personal care service | 7:00 hours | | | | 7:00 | 0 |
| 02/12/2019 Tuesday | T1019 - Personal care service | 7:00 hours | | | | 7:00 | 0 |
| 02/13/2019 Wednesday | T1019 - Personal care service . | 7:00 hours | | | | 7:00 | 0 |
| 02/14/2019 Thursday | T1019 - Personal care service | 7:00 hours | | | | 7:00 | 0 |
| 02/15/2019 Friday | T1019 - Personal care service | 6:00 hours | | | | 6:00 | 0 |
| Total | | | | | | 110:00 | 50 |

Print Timesheet    Adjust

Sentencing Memorandum - 4
*United States v. Lee-Carroll* / CR24-202-JLR-001
USAO No. 2022R01015

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**Hours Summary**

KATOYA GRANT
ProviderOne Provider ID: 123950401

Timesheet for KELLY LEE
ProviderOne Client ID 200797084WA
ProviderOne Client Phone No: 2065661502

Timesheet ID : TS11262505
Status : PAID

| Date | Service | Hours | Additional Service | Miles | Tasks | Total Hours | Total Miles |
|---|---|---|---|---|---|---|---|
| 03/16/2022 Wednesday | T1019 - Personal care service | 9:00 hours | | | 2-Transfer, 8-Hygiene, 3-Bed Mobil/Position, 4-Toileting | 9:00 | 0 |
| 03/17/2022 Thursday | T1019 - Personal care service | 9:00 hours | | | 2-Transfer, 8-Hygiene, 3-Bed Mobil/Position, 4-Toileting | 9:00 | 0 |
| 03/18/2022 Friday | T1019 - Personal care service | 6:00 hours | | | 2-Transfer, 8-Hygiene, 3-Bed Mobil/Position, 4-Toileting | 6:00 | 0 |
| 03/19/2022 Saturday | T1019 - Personal care service | 2:00 hours | | | 2-Transfer, 8-Hygiene, 3-Bed Mobil/Position, 4-Toileting | 2:00 | 0 |
| 03/20/2022 Sunday | T1019 - Personal care service | 9:00 hours | | | 2-Transfer, 8-Hygiene, 3-Bed Mobil/Position, 4-Toileting | 9:00 | 0 |
| 03/21/2022 Monday | T1019 - Personal care service | 9:00 hours | | | 2-Transfer, 8-Hygiene, 3-Bed Mobil/Position, 4-Toileting | 9:00 | 0 |
| 03/22/2022 Tuesday | T1019 - Personal care service | 9:00 hours | | | 2-Transfer, 8-Hygiene, 3-Bed Mobil/Position, 4-Toileting | 9:00 | 0 |
| 03/23/2022 Wednesday | T1019 - Personal care service | 6:00 hours | | | 2-Transfer, 8-Hygiene, 3-Bed Mobil/Position, 4-Toileting | 6:00 | 0 |
| 03/24/2022 Thursday | T1019 - Personal care service | 6:00 hours | | | 2-Transfer, 8-Hygiene, 3-Bed Mobil/Position, 4-Toileting | 6:00 | 0 |
| 03/25/2022 Friday | T1019 - Personal care service | 6:00 hours | | | 2-Transfer, 8-Hygiene, 3-Bed Mobil/Position, 4-Toileting | 6:00 | 0 |
| 03/26/2022 Saturday | T1019 - Personal care service | 2:00 hours | | | 2-Transfer, 8-Hygiene, 3-Bed Mobil/Position, 4-Toileting | 2:00 | 0 |
| 03/27/2022 Sunday | T1019 - Personal care service | 9:00 hours | | | 2-Transfer, 8-Hygiene, 3-Bed Mobil/Position, 4-Toileting | 9:00 | 0 |
| 03/28/2022 Monday | T1019 - Personal care service | 9:00 hours | | | 2-Transfer, 8-Hygiene, 3-Bed Mobil/Position, 4-Toileting | 9:00 | 0 |
| 03/29/2022 Tuesday | T1019 - Personal care service | 6:00 hours | | | 2-Transfer, 8-Hygiene, 3-Bed Mobil/Position, 4-Toileting | 6:00 | 0 |
| 03/30/2022 Wednesday | T1019 - Personal care service | 6:00 hours | | | 2-Transfer, 8-Hygiene, 3-Bed Mobil/Position, 4-Toileting | 6:00 | 0 |
| 03/31/2022 Thursday | T1019 - Personal care service | 7:00 hours | | | 2-Transfer, 8-Hygiene, 3-Bed Mobil/Position, 4-Toileting | 7:00 | 0 |
| Total | | | | | | 110:00 | |

Print Timesheet

Nelson and Grant claimed hours of work even during periods that Lee-Carroll was on international trips without them. For example, Nelson claimed 38 hours of work while Lee-Carroll was in Montego Bay, Jamaica, for four days in August 2019, and claimed 61 hours of work while Lee-Carroll was in Cancun, Mexico, for seven days in September and October, 2019. *Id.* ¶ 19.

The VA paid Nelson and Grant a total of $278,536.46 and $284,873.44, respectively, for care that they falsely claimed to have provided to Lee-Carroll. Plea Agreement ¶ 8y. Grant shared at least $139,268.23 of this payment with Lee-Carroll. *Id.* Including VDC program administration fees, the VA spent a total of $792,606.72 to administer the VDC program for Lee-Carroll. *Id.* ¶ 8g; PSR ¶ 20.

B.    *Special Monthly Compensation*

The VA provides disability compensation to veterans who suffered injuries or diseases while on active military duty or whose injuries or diseases were aggravated by active military duty. Plea Agreement ¶ 8z. Special monthly compensation is additional disability compensation that is paid to veterans who are so disabled as to be permanently bedridden or in need of regular aid and attendance. *Id.* ¶ 8dd.

Sentencing Memorandum - 5
*United States v. Lee-Carroll* / CR24-202-JLR-001
USAO No. 2022R01015

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Lee-Carroll began receiving disability compensation in 1996. *Id.* ¶ 8bb. She qualified for and began receiving special monthly compensation in July 2012, based on her representation that she was unable to stand or walk, was wheelchair-hound, and was unable to use her right arm. *Id.* ¶¶ 8cc-8gg. For a May 2024 VA examination, Lee-Carroll appeared in a wheelchair and claimed that she spent most of her time in bed and could not even hold a coffee cup in her right hand. *Id.* ¶ 8jj. As noted above, however, Lee-Carroll was able to walk and use her right arm by 2017 at the latest. *Id.* ¶8ii; PSR ¶ 15.

By 2024, Lee-Carroll was receiving approximately $11,156.39 per month, tax free, in disability compensation. Plea Agreement ¶ 8hh. As a result of the fraud, Lee-Carroll collected approximately $368,733.08 in disability compensation that was in excess of what she was entitled to. *Id.* ¶ 8g; PSR ¶ 20.

## II.   Procedural History

In October 2024, Lee-Carroll was indicted on one count of conspiracy to commit theft of government property with co-defendants Nelson and Grant, seven counts of theft of government property (two counts each with Nelson and Grant), and seven counts of health care fraud (two counts each with Nelson and Grant). Dkt. No. 1.

In June and July 2025, co-defendants Nelson and Grant entered guilty pleas under a plea agreement to the conspiracy count and one count of health care fraud. Dkt. Nos. 48, 50, 54, 56. On November 4, 2025, Nelson was sentenced to 14 months in prison and three years of supervised release. Dkt. Nos. 74, 75. Grant is set for sentencing on March 3, 2026. Dkt. No. 59.

On November 17, 2025, Lee-Carroll entered guilty pleas under a plea agreement to the conspiracy count and one count of health care fraud. Dkt. Nos. 76, 78. Lee-Carroll is set for sentencing on February 24, 2026. Dkt. No. 85.

//

//

Sentencing Memorandum - 6
*United States v. Lee-Carroll* / CR24-202-JLR-001
USAO No. 2022R01015

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**SENTENCING GUIDELINES**

## I.    Total Offense Level

The government agrees with the Total-Offense-Level calculation set forth in the Presentence Report, which is as follows:

| Item | Guideline Section | Adjustment |
|---|---|---|
| Base Offense Level | 2B1.1(a)(2) | 6 |
| $550,000 < Loss < $1,500,000 | 2B1.1(b)(1)(H) | 14 |
| Gov. Health Care Program > $1 million | 2B1.1(b)(7)(B)(i) | 2 |
| Leader / Organizer | 3B1.1(c) | 2 |
| Acceptance of responsibility | 3E1.1(a), (b) | (3) |
| **Total Offense Level** | | 21 |

## II.    Advisory Guidelines Range

Lee-Carroll is in Criminal History Category I. She was arrested in 1991 for theft by the Seattle Police Department. PSR ¶ 50.

The Presentence Report was amended on February 17, 2026, based on the criminal record that the government provided Probation. *See* PSR ¶¶ 40-42, 45, 47-49. The convictions included in this record are dated and thus do not impact Lee-Carroll's criminal history category. Defense objects to this record on the grounds that it belongs to a different individual. The government is in the process of ascertaining this record, and will inform the Court of its findings at the sentencing hearing.

With a total offense level of 21 and a Criminal History Category of I, Lee-Carroll's advisory Guidelines range is 37 to 46 months in prison.

The maximum term of supervised release is three years. 18 U.S.C. §§ 1347(a), 3559(a)(3), 3583(b)(2).

//

//

Sentencing Memorandum - 7
*United States v. Lee-Carroll* / CR24-202-JLR-001
USAO No. 2022R01015

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## III.    Restitution and Forfeiture

Under a plea agreement, Lee-Carroll has agreed to a restitution amount of $932,142.98, Plea Agreement ¶ 12; PSR ¶ 104, and a forfeiture amount of $508,001.31, Plea Agreement ¶ 13.

## RECOMMENDED SENTENCE

The United States recommends that the Court sentence Lee-Carroll to 18 months in prison and three years of supervised release. This sentence would be sufficient but not greater than necessary to achieve the goals of sentencing, and would fairly balance the relevant 18 U.S.C. § 3553(a) sentencing factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence to reflect the seriousness of the offense.

The nature and circumstances of the offense are serious. For years, Lee-Carroll falsely claimed that she was wheelchair-bound and bedridden to secure over $1 million in VA benefits that are earmarked for severely disabled veterans. She recruited her sister and son into her scheme to defraud the VA and taxpayers out of funds that should have gone to veterans who are, in fact, bedridden and who require round-the-clock care. The VA benefits that she secured through lies funded a lifestyle that included two homes, one in Kent that is worth over $1 million and one in Las Vegas worth $772,000, PSR ¶ 90, multiple vehicles according to Probation, gambling, *Id.* ¶ 5, and frequent international trips, *Id.* ¶ 19. Anything less than an 18-month term of incarceration would fail to sufficiently reflect the seriousness of this offense.

The history and characteristics of the defendant also support an 18-month sentence. The government recommends this below-Guidelines sentence recognizing that Lee-Carroll likely suffers from some level of disability. *Id.* ¶¶ 75, 76. But a further reduction in sentence is not warranted especially since the loss amount in this case, and thus the Guidelines range, was calculated based on the amount of disability compensation that Lee-Carroll obtained *in excess of* what she was entitled to. *Id.* ¶ 20.

Sentencing Memorandum - 8
*United States v. Lee-Carroll* / CR24-202-JLR-001
USAO No. 2022R01015

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Lee-Carroll appears to seek a more lenient sentence on the basis of her own medical needs as well as those of a teenage daughter in her care. Although the government is sympathetic to the defendant's situation, the seriousness of the defendant's crime prevents the government from recommending a lesser sentence.

Finally, an 18-month sentence does not create a sentence disparity. According to Judiciary Sentencing Information (JSIN) data, the average and median sentences imposed on defendants whose primary guideline was §2B1.1, with the same Final Offense Level and Criminal History Category as Lee-Carroll's, are 27 and 28 months, respectively. An 18-month sentence is commensurate with those national figures.

## CONCLUSION

Based on the foregoing, the United States asks that the Court sentence Kelly M. Lee-Carroll to 18 months in prison and three years of supervised release.

DATED this 17th day of February, 2026.

Respectfully submitted,

*s/ Yunah Chung*
YUNAH CHUNG
Assistant United States Attorneys
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
Telephone: (206) 553-7970
E-mail: yunah.chung@usdoj.gov

Sentencing Memorandum - 9
*United States v. Lee-Carroll* / CR24-202-JLR-001
USAO No. 2022R01015

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970